IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANNE MITCHELL,<br><br>**Plaintiff,**<br><br>v.<br><br>SUTTNER ENTERPRISES, LLC &<br>GREGORY P. SUTTNER,<br><br>**Defendants.** | Case No. 24-CV-01847-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of two Motions to Compel: one filed by Defendant Gregory P. Suttner (Doc. 33) and one filed by Defendant Suttner Enterprises, LLC (Doc. 34).[1] Having been fully informed of the issues presented, both Motions to Compel are **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury case involving a vehicular collision that occurred in Mississippi Township between Defendant Gregory Suttner's 2018 Ford F350 (bearing the name of Defendant Suttner Enterprises, LLC) and Plaintiff Deanne Mitchell's 2016 Honda Accord. (*See* Doc. 1). Plaintiff Mitchell alleges that Defendant Suttner's truck struck her driver's side door when she attempted a left-hand turn onto Division Road from US-67 Northbound. (*See id.*, ¶¶ 35–41). Plaintiff Mitchell's Complaint was filed on August 7, 2024 and alleges seven causes of action against the Defendants,

---

[1] Both Motions to Compel were erroneously filed on CM/ECF as motions for summary judgment. This was corrected by the Clerk of Court. (*See* Docs. 33, 34, 35).

including direct negligence against both defendants (Counts I and V), statutory employment liability (Count II), vicarious liability (Count III), independent negligence (Count IV), direct negligence based upon negligent training (Count VI), and direct negligence based upon negligent supervision (Count VII). (*See id.*, ¶¶ 50–120). She seeks compensatory damages for $35,500 worth of medical bills as well as punitive damages. (*See id.*). The Defendants filed an answer on February 6, 2025. (*See* Doc. 20).

This case entered discovery on February 25, 2025. (*See* Doc. 29). It is set for a presumptive trial month of March 2026. (*See* Doc. 27). The instant Motions were filed on June 24, 2025. (*See* Docs. 33, 34).[2] Plaintiff Mitchell responded on July 14, 2025. (*See* Docs. 38, 39, 40).

## APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

---

[2] Curiously, Defendants filed two separate Motions to Compel, one for each named Defendant, even though the same counsel of record represents both Defendants.

discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery" provided that the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is also required by Local Rule 26.1(c)(2) and the Court's Case Management Procedures. Rule 37(b) provides that failure to comply with a discovery order issued by the court is a sanctionable offense, with potential sanctions including dismissal of the action in whole or in part, default judgment, or holding a party in contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A).

## ANALYSIS

### I.  Defendant Gregory Suttner's Motion (Doc. 33)

Defendant Suttner argues that "Plaintiff failed to sufficiently answer, or otherwise improperly objected to, Nos. 3, 5, 11, 12, 17, 22, and 24 of Defendant Gregory Suttner's Interrogatories, and to Nos. 6, 13, 24, 26, and 30 of Defendant Gregory Suttner's Requests for Production." (Doc. 33, p. 1 (citing *id.*, Exs. B, C)). He argues that Plaintiff's objections to Interrogatories Nos. 11, 12, 17, and Request for Production 6 were "boilerplate" in claiming that his requests were "vague and overly broad." (*Id.*, p. 2). His argument is that he is entitled to the requested medical information because Plaintiff has placed her medical condition in controversy. (*Id.*, p. 3 (quoting *Brown v. Chapman*, 2006 WL 2038596 (S.D. Ill. 2006))). Regarding Interrogatories Nos. 3, 5, and 24 and Requests Nos. 13, 26, and 30, Suttner argues

that Plaintiff's claim that these are protected by the work produce doctrine is unavailing. (*Id.*, p. 4). He argues that the information he seeks is "merely factual" and, thus, not protected and that Plaintiff's failure a privilege log waived any objections. (*Id.*).

In response, Plaintiff argues that her supplemented responses render Suttner's objections to Interrogatories 3, 5, 11, 12, 17, 22, and 24(a), (b) and Requests for Production 6, 13, 24 and 30 moot. (*See* Doc. 39 (citing *id.*, Exs. 1, 2)). Suttner did not file a reply or otherwise dispute this contention. Therefore, Defendant Suttner's Motion to Compel shall be deemed to be moot with respect to Interrogatories 3, 5, 11, 12, 17, 22, and 24(a), (b) and Requests for Production 6, 13, 24 and 30.

This leaves Interrogatory 24(c) and (d) and Request for Production 26. Interrogatory 24(c) and (d) request: "(c) All witnesses who may be called at trial who have information regarding the events or damages which are the subject of the Petition/Complaint; and (d) For any witness identified above state the general topic/nature of their knowledge and anticipated testimony." (Doc. 33, Ex. B, p. 12). Request for Production 26 seeks "[a]ll correspondence in you or your attorney's possession with 3rd parties (excluding experts or agents employed or consulted with by you or your attorneys in this case) relating to the incident, events or damages which are the subject of your Complaint." (*Id.*, Ex. C, p. 7). Plaintiff states that she stands by her objections to Interrogatory 24(c) and (d) because the requested information involves trial strategy and counsel's mental impression, not factual discovery. (Doc. 39, p. 3). She also stands by her objections to Request for Production

26, as she reads it to request "a privilege log of counsel's entire correspondence file." (*Id.*, p. 4).

Regarding the disputed Interrogatory, Mitchell has already provided Defendants with information on those who have knowledge of the accident as requested in No. 24(a) and (b). Mitchell is not required to provide Defendants with her witness list at this point in litigation; such information will be provided in accordance with Federal Rule of Civil Procedure 26(a)(3). *See Eastman v. Santos*, No. 18-CV-602-SMY-RJD, 2019 WL 11718732, at *14 (S.D. Ill. Aug. 29, 2019) (citing FED. R. CIV. P. 26(a)(3)). With respect to the disputed Request for Production, Plaintiff Mitchell is correct that she is not required to provide the Defendants with her entire correspondence file. Defendants will be provided the opportunity to review expert reports in accordance with Federal Rule 26(a)(2)(D). Thus, Plaintiff Mitchell's objections are sustained and Defendant Suttner's Motion to Compel (Doc. 33) shall be denied.

## II. Defendant Suttner Enterprises, LLC's Motion (Doc. 34)

Suttner Enterprises makes similar arguments regarding Plaintiff Mitchell's responses to their separate written discovery requests, arguing that "Plaintiff's boilerplate work product objections to Defendant's First Interrogatories and Requests for Production have deprived Defendant of factual information it is entitled to through discovery" and that "Plaintiff's claims of privilege under attorney work product doctrine are improper because Defendant has not requested information or documentation pertaining to Plaintiff's counsel's thought processes or prepared specifically for litigation." (Doc. 34, p. 3).

In response, Plaintiff argues that "Defendant Suttner Enterprises has essentially propounded the same interrogatories and requests to each of Plaintiff's theories of negligence thereby triggering what is essentially the same objection to each." (Doc. 38, p. 1). She notes that "Defendant Suttner Enterprises' motion does not specifically address any specific request or interrogatory or request for production, but rather just generally addresses Plaintiff's objection." (*Id.*, p. 2). She insists that "Plaintiff herself did not draft the complaint and she cannot personally answer nor sign a verification as to truthfulness of said answers as she has no personal knowledge" and that "[t]o force Plaintiff to answer these interrogatories and sign a verification means that such would subject her to cross-examination of such at both deposition and trial on issues and answers that she cannot truthfully answer." (*Id.*). plaintiff argues that Defendant seeks her mental impressions and intangible work product. (*See id.*, pp. 2–4). In the alternative, she requests to be permitted to respond to Suttner Enterprises' written discovery requests at the end of the discovery window. (*Id.*, p. 3 (citing *Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995))).

Suttner Enterprises' Interrogatories and Requests for Production request "all facts" and "all documents" related to Plaintiff's legal theories. (*See* Doc. 34, Exs. B, C). Plaintiff insists that the information requested is protected by the work product doctrine and that the discovery requests are overly broad. (*See* Doc. 38, pp. 2–3). To the extent that Plaintiff argues that the requested information is protected by the work product doctrine, this objection is improperly raised in accordance with Federal Rule of Civil Procedure 26(a)(5), which requires the party making the objection to

"describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See Boyd v. Tornier, Inc.*, No. 07-751 MJR, 2008 WL 2691727, at *1 (S.D. Ill. June 30, 2008) ("Plaintiffs also object that these interrogatories 'seek to invade the attorney work product doctrine.' That objection is waived as it was not properly raised." (citing FED. R. CIV. P. 26(b)(5)).

Regarding the extent to which she claims that the Interrogatories and Requests for Production are overly broad, she cites *Sioux Steel Co. v. Prairie Land Millwright Servs., Inc.*, No. 16 C 2212, 2021 WL 4967627, at *1 (N.D. Ill. Mar. 9, 2021) for the proposition that Suttner Enterprises' contention interrogatories are too broad. (Doc. 38, p. 3 (citing the same)). However, the Defendants in that case were permitted to serve narrower written discovery. *See Sioux Steel Co.*, 2021 WL 4967627, at *1. The same is appropriate here, as this Court holds that Suttner Enterprises' written discovery requests seeking "all facts" and "all documents" are overly broad. Plaintiff's objection is sustained and Suttner Enterprises' Motion to Compel shall be denied.

However, Suttner Enterprises may serve Plaintiff with narrower interrogatories focusing on principal facts and support and Plaintiff shall provide the appropriate responses. *See Beesley v. Int'l Paper Co.*, No. CIV.06-703-DRH, 2008 WL 3992686, at *1 (S.D. Ill. Aug. 22, 2008) ("Defendants' First Set of Interrogatories on the First Amended Complaint are modified by deleting the phrase 'Describe each fact and identify each document that relates to your contention,' and substituting the

phrase, 'State the factual basis for and identify each document which principally supports your contention' in each interrogatory.").

## CONCLUSION

For the reasons set forth above, the Court sustains Plaintiff Mitchell's objections to Defendants' Interrogatories and Requests for Production. Both Motions to Compel (Docs. 33, 34) are **DENIED**. Defendant Suttner Enterprises shall serve Plaintiff Mitchell with revised Interrogatories and Requests for Production as discussed above no later than August 18, 2025.

**IT IS SO ORDERED.**

**DATED:  July 28, 2025**

                                                *s/ Stephen P. McGlynn*
                                                **STEPHEN P. McGLYNN**
                                                **U.S. District Judge**